**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| Garmin Switzerland GmbH; and Garmin Corporation,<br><br>*Plaintiffs*,<br><br>v.<br><br>FLIR Maritime US, Inc.,<br><br>*Defendant*. | Case No. 2:16-cv-2806-DDC |

**STIPULATED PROTECTIVE ORDER**

WHEREAS Plaintiffs Garmin Switzerland GmbH and Garmin Corporation and Defendant FLIR Maritime US, Inc. (collectively, the "Parties") believe that certain materials, information and things discoverable in this case, both from the Parties and Third-Parties, may consist of trade secrets, proprietary information, confidential research and development information, and/or otherwise commercially valuable information that the respective Parties or Third-Parties maintain in confidence in the ordinary course of business;

WHEREAS, the Parties reasonably believe that public disclosure of materials, information and things determined to be confidential could cause irreparable financial and competitive harms to the disclosing Party or Third-Party;

WHEREAS, the Parties believe that good cause exists for the entry of a Protective Order that is narrowly tailored to protect the aforementioned confidential material, information and things of the Parties and any Third-Parties from whom confidential material, information or things are sought.

By reason of the foregoing, the Parties, by their counsel, pursuant to Fed. R. Civ. P. 26(c) and subject to the approval of the Court, request entry of a Protective Order in the action.

1

1.    <u>Designation of Confidential Material</u>.

    (a)    <u>General</u>.  Any documents, materials, tangible things, items, testimony or other information produced or provided by any Party in connection with discovery in this litigation (hereinafter, the "Producing Party" or "Designating Party") to another Party (hereinafter, the "Receiving Party") may be designated "Confidential" or "Confidential — Outside Attorneys' Eyes Only," subject to the limitations and guidelines set forth herein. For purposes of this Order, "Confidential" information shall mean all information that qualifies for protection under the standards developed under Fed. R. Civ. P. 26(c). Confidential information includes, among other things, confidential technical, business, or financial information including abstracts, summaries, or information derived therefrom. The "Confidential — Outside Attorneys' Eyes Only" designation is reserved for extremely sensitive "Confidential" information whose disclosure to another Party or non-Party would create a substantial risk of harm to the competitive position of the Producing Party. "Confidential — Outside Attorneys' Eyes Only" information includes, among other things, trade secrets, pending patent applications, research and development or other highly sensitive technical information, or highly-sensitive business-related financial information or information derived therefrom. Any material constituting or containing non-public source code of a Party's software or computer applications may be designated "Confidential Source Code — Outside Attorneys' Eyes Only." All of the foregoing forms of information and all material derived from it, including copies, recordings, summaries, abstracts, excerpts, analyses or the like, constitute "Designated Material" under this Protective Order.

(b)    <u>Designated Material</u>.  Designated Material shall be so designated for the purposes of protecting the Producing Party's proprietary, confidential, commercially or competitively sensitive technical, business, financial or trade secret information, the confidential, personal or financial affairs of its employees or Third-Parties, or other information not publicly known. Examples of properly Designated Material include source code, trade secrets, non-public technical information, practices or methods, non-public marketing drafts, plans or strategies, product data or projections, non-public financial data, strategic business materials, or relationships with Third-Parties, including any agreement documenting the terms of any such relationship. The preceding examples are listed for exemplary purposes only and are not intended to limit or restrict a Producing Party from designating other information "Confidential," "Confidential — Outside Attorneys' Eyes Only," or "Confidential Source Code — Outside Attorney's Eyes Only" in good faith.

(c)    <u>Limits on Designated Material</u>.  No item shall be designated or deemed to be Designated Material if it is available to the public at the time of disclosure or becomes publicly known through means not constituting a breach of this Protective Order by the Receiving Party. This Protective Order shall not be construed to protect information that the Receiving Party can show was already known to it or was received by the Receiving Party after the time of disclosure hereunder from a Third-Party having the right to make such a disclosure.

(d)    <u>Designation Procedure</u>.  Designation shall be made, where practicable, by conspicuously marking each page of a document, each separate part or component of a thing, or each separate item of other material with the legend "Confidential,"

"Confidential — Outside Attorneys' Eyes Only" or "Confidential Source Code — Outside Attorneys' Eyes Only." If marking the Designated Material is not practicable, designation may be made on a container for or tag attached to the Designated Material, if feasible, or otherwise by way of communication from one Party to the other. A Party wishing to invoke the provisions of this Protective Order shall designate the documents, materials, items, or information, or portions thereof, at the time such information is disclosed, or when the Party seeking protection becomes aware of the nature of the information disclosed and sought to be protected. In the case of information produced for inspection, but not yet provided to the inspecting Party, such information shall presumptively be deemed "Confidential — Outside Attorneys' Eyes Only," regardless of whether so identified, until copies thereof are produced to the inspecting Party, except that material constituting or reflecting source code shall be presumptively deemed "Confidential Source Code — Outside Attorneys' Eyes Only" and treated in accordance with the procedures of Paragraph 6 below.

(e)     <u>Designation Procedure for Deposition Testimony</u>. With respect to deposition testimony, the witness under deposition, or his/her counsel, or any counsel representing any person or Party at the deposition, may designate such testimony as "Confidential," "Confidential — Outside Attorneys' Eyes Only" or "Confidential Source Code — Outside Attorneys' Eyes Only," as appropriate, either on the record at the deposition or in writing to all Parties within thirty (30) days after the mailing of the deposition transcript by the court reporter. The provisions of this paragraph may be invoked with respect to the witness's entire deposition, or any portion thereof, at any time during the deposition or within thirty (30) days thereafter. Each Party in receipt of a copy

O:\Protective Orders\16-2806-JWL.docx

of a deposition transcript designated under this paragraph shall mark each copy of each portion of such Designated Material therein not already marked by the reporter "Confidential," "Confidential — Outside Attorneys' Eyes Only" or "Confidential Source Code — Outside Attorneys' Eyes Only," as provided for in Paragraph 1(d) above, and will thereafter destroy any unmarked copies of the transcript in its possession, custody or control. Until thirty (30) days after mailing of the transcript by the court reporter has passed, the entire transcript shall be treated as "Confidential — Outside Attorneys' Eyes Only," except that any portion of any transcript reflecting material designated "Confidential Source Code — Outside Attorneys' Eyes Only" shall be presumptively treated in accordance with the procedures of Paragraph 6 below.

(f)      <u>Deposition Conduct</u>. If Designated Material is referred to during the course of a deposition in this action, or if any question asked, answer given, or answer about to be given contains or is reasonably likely to contain Designated Material, then, in the case of material designated "Confidential," any person who is not designated in Paragraph 4 below and is not the deponent, the deponent's counsel, the reporter or the videographer must leave the room during such portion of the deposition; in the case of material designated "Confidential — Outside Attorneys' Eyes Only" or "Confidential Source Code — Outside Attorneys' Eyes Only," any person who is not designated in Paragraph 5 below with regard to "Confidential — Outside Attorneys' Eyes Only" information or in Paragraph 6 below with regard to "Confidential Source Code — Outside Attorneys' Eyes Only" information, and is not the deponent, the deponent's counsel, the reporter or the videographer must leave the room during such portion of the

deposition. This paragraph shall not be interpreted to authorize disclosure of Designated Material to any person to whom disclosure is prohibited by this Protective Order.

2.     <u>Limits on Use of Designated Material</u>.  Designated Material shall be used by a Receiving Party only for purposes of litigating or defending this action. Designated Material shall not be used for any other purpose and, specifically, shall not be used by a Receiving Party for any business or competitive purpose. No Designated Material shall, without prior written consent of the Producing Party, be disclosed by a Receiving Party to anyone other than the personnel specified in ¶¶4-6 below or in any manner other than as described in this Protective Order. Designated Material shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information. Nothing in this Protective Order shall preclude any Party or its counsel of record from disclosing or using, in any manner or for any purpose, any information or documents from the Party's own files that the Party itself has designated "Confidential," "Confidential — Outside Attorneys' Eyes Only" or "Confidential Source Code — Outside Attorneys' Eyes Only."

3.     <u>Patent Prosecution</u>.  In no event shall a Receiving Party use Designated Material of a Producing Party for the purpose of preparing or prosecuting any patent application, or in connection with any other proceeding before the U.S. Patent and Trademark Office or any foreign or international patent office.  During the pendency of this litigation and for a period of two (2) years after its conclusion, including any appeals, any individual who accesses or reviews material designated "Confidential — Outside Attorneys' Eyes Only" (other than non-technical information potentially relevant to damages issues and/or settlement negotiations) or "Confidential Source Code — Outside Attorneys' Eyes Only" pursuant to ¶¶4-6 below, shall not themselves prepare, or counsel or assist others with the preparation, filing, or prosecution of any

6

patent application of the Receiving Party who employed or retained such individual, or an affiliate thereof, that is in the same patent family of any of the Receiving Party's patents-in-suit in this action or that is related to marine navigation.  Notwithstanding anything to the contrary in the foregoing, this prosecution bar does not extend to any patent reissue or reexamination proceeding, or any post-grant and/or inter partes review, except that such persons may not directly or indirectly assist in drafting, amending or proposing for substitution patent claims of a Receiving Party that are directed to marine navigation.

The Parties may, on a case by case basis and in their sole discretion, by written agreement between the Producing Party and the Receiving Party, provide for disclosure of specified Designated Material to specified individual(s) in a manner that shall be exempt from the application of the prosecution bar of this section and/or from any additional restrictions under Section 5(j).

4.    <u>Access to Material Designated "Confidential."</u>    Material designated "Confidential" and all information and material derived from it, including copies, recordings, summaries, abstracts, excerpts, analyses, compilations or the like, may, without the written consent of the Producing Party, be given, shown, made available or communicated in any way by the Receiving Party only to:

(a)    outside litigation attorneys for the Parties who are employed by the firms of record in this case, their staff, and professional litigation support vendors (including jury consultants) retained by them or by the Parties;

(b)    independent consultants or experts engaged by counsel or by the Parties in this litigation and their staffs, whether or not such experts are paid directly by a Party, if cleared by the Parties pursuant to Paragraph 7 of this Protective Order;

(c)      independent persons or firms retained by any Party for the purpose of producing graphic or visual aids;

(d)      professional court reporters and videographers to the extent Designated Material is disclosed at a deposition such person is transcribing or recording;

(e)      at a deposition, with respect to documentary material, any deponent who authored or has previously received the particular Designated Material sought to be disclosed to that person, if the document on its face or the deponent's testimony indicates that person authored or received the document;

(f)      at a deposition, any deponent employed at the time of the deposition by the party that designated the particular Designated Material;

(g)      the Court and its staff; and

(j)      no more than two (2) specifically designated in-house attorneys for each party (hereinafter "Designated Attorneys"), provided that "Confidential" information will be made accessible to such persons solely in connection with obtaining their advice in preparation for trial or depositions in this action, including any motions made in this action, and provided further that each Designated Attorney review and agree to be bound by this Protective Order. Designated Attorneys are limited to those individuals designated below except others may be substituted or added by consent of all parties:

(i)      <u>Garmin</u>— *Designated Attorneys:*

- David Ayres, Esq.
- Samuel Korte, Esq.

(ii)     <u>FLIR</u>— *Designated Attorneys:*

- Christopher Lewis, Esq.
- Todd Duchene, Esq.

8

5.      <u>Access to Material Designated "Confidential — Outside Attorneys' Eyes Only."</u>
Material designated "Confidential — Outside Attorneys' Eyes Only" and all information and material derived from it, including copies, recordings, summaries, abstracts, excerpts, analyses, compilations or the like may, without the written consent of the Producing Party, be given, shown, made available or communicated in any way by the Receiving Party only to:

(a)      outside litigation attorneys for the Parties who are employed by the firms of record in this case, their staff, and professional litigation support vendors (including jury consultants) retained by them or by the Parties;

(b)      independent consultants or experts engaged by counsel or by the Parties in this litigation and their staffs, whether or not such experts are paid directly by a Party, if cleared by the Parties pursuant to Paragraph 7 of this Protective Order;

(c)      independent persons or firms retained by any Party for the purpose of producing graphic or visual aids;

(d)      professional court reporters and videographers to the extent Designated Material is disclosed at a deposition such person is transcribing or recording;

(e)      at a deposition, with respect to documentary material, any deponent who authored or has previously received the particular Designated Material sought to be disclosed to that person, if the document on its face or the deponent's testimony indicates that person authored or received the document;

(f)      at a deposition, any deponent employed at the time of the deposition by the party that designated the particular Designated Material; and

(g)      the Court and its staff.

O:\Protective Orders\16-2806-JWL.docx

6.      <u>Access to Material Designated "Confidential Source Code — Outside Attorneys'</u> <u>Eyes Only."</u>  The phrase "Source Code" means computer code, scripts, assembly, binaries, object code, source code listings, and descriptions of source code, object code listings and descriptions of object code, and Hardware Description Language ("HDL") or Register Transfer Level ("RTL") files that describe the hardware design of any ASIC or other chip. Protected Material designated as "Confidential Source Code — Outside Attorneys' Eyes Only" will be subject to all of the protections afforded to "Confidential — Outside Attorneys' Eyes Only" information and may be disclosed only to the individuals to whom "Confidential — Outside Attorneys' Eyes Only" information may be disclosed. Nothing in this protective order shall be construed so as to (i) obligate the Parties to produce source code, (ii) serve as an admission that source code of any type is discoverable in this litigation, or (iii) waive any Party's right to object on any ground to the production of source code. In the event that source code is produced in this litigation, source code designated "Confidential Source Code — Outside Attorneys' Eyes Only" shall be produced and reviewed according to the following additional restrictions:

(a)      To the extent production of Source Code becomes necessary to the prosecution or defense of the case, a Producing Party may designate Source Code as "Confidential Source Code — Outside Attorneys' Eyes Only" if it comprises or includes confidential, proprietary, and/or trade secret Source Code.

(b)      Nothing in this Order shall be construed as a representation or admission that Source Code is properly discoverable in this action, or to obligate any Party to produce any Source Code.

(c)      Unless otherwise ordered by the Court, Discovery Material designated as "Confidential Source Code — Outside Attorneys' Eyes Only" shall be subject to the provisions

set forth in Paragraph 6(f) below, and may be disclosed, subject to Paragraph 7 clearance, solely to the individuals listed in Paragraph 5(a)-(g) pursuant to the requirements specified herein.

(d)     Any Source Code that is produced by Defendant shall be made available for inspection in electronic format at the Washington DC office of its outside counsel, Weil, Gotshal, and Manges, LLP, or any other location mutually agreed by the Parties. Any Source Code that is produced by Plaintiffs will be made available for inspection at the Kansas City office of its outside counsel, Shook, Hardy & Bacon LLP, or any other location mutually agreed by the Parties. Source Code will be made available for inspection between the hours of 8 a.m. and 6 p.m. on business days (i.e., weekdays that are not Federal holidays), although the Parties will be reasonable in accommodating reasonable requests to conduct inspections at other times.

(e)     The Receiving Party may request the production of Source Code. This request may, but does not have to, be in the form of a Request for Production. After the Receiving Party requests the production of Source Code, the Producing Party shall send written notice, within thirty-three (33) days, that the Source Code is, and will continue to be, available for inspection on the Source Code Computer upon seven (7) days notice.

(f)     Source Code that is designated "Confidential Source Code — Outside Attorneys' Eyes Only" shall be produced for inspection and review subject to the following provisions, unless otherwise agreed by the Producing Party:

(i)     All Source Code shall be made available by the Producing Party to the Receiving Party's outside counsel and/or experts in a secure room on a secured computer without Internet access or network access to other computers and on which all access ports have been disabled (except for one printer port), as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any Source Code

outside or away from the computer on which the Source Code is provided for inspection (the "Source Code Computer" in the "Source Code Review Room"). The Producing Party shall install tools that are sufficient for viewing and searching the code produced, on the platform produced, if such tools exist and are presently used in the ordinary course of the Producing Party's business. The Receiving Party's outside counsel and/or experts may request that other commercially available software tools for viewing and searching Source Code be installed on the secured computer, provided, however, that (a) the Receiving Party possesses an appropriate license to such software tools; (b) the Producing Party approves such software tools; and (c) such other software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein. The Receiving Party must provide the Producing Party with the CD, DVD, or other electronic media containing such licensed software tool(s) at least fourteen (14) days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer.  The Producing Party may object to such tools, and the Parties shall meet and confer in good faith to resolve any such objections.

(ii)     No recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code Review Room.

(iii)     The Receiving Party's outside counsel and/or experts shall be entitled to take notes relating to the Source Code but may not copy the Source Code into the notes and may not take such notes electronically on the Source Code Computer itself or any other computer.

(iv)     The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that no unauthorized electronic records of the Source Code and no unpermitted information concerning the Source Code are being created or transmitted in any way.

(v)      No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein. Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein. The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the Source Code other than electronically on the Source Code Computer in the Source Code Review Room. Any printed portion that consists of more than 40 consecutive pages, or an aggregate total of more than 400 pages, shall be presumed to be excessive, and the burden shall be on the Receiving Party to demonstrate the need for such a printed copy. The Producing Party shall Bates number, copy, and label "Confidential Source Code — Outside Attorneys' Eyes Only" any pages requested by the Receiving Party. Within five (5) days of a request by the Receiving Party, the Producing Party shall either (i) provide one copy set of such pages to the Receiving Party or (ii) inform the Requesting Party that it objects that the printed portions are excessive and/or not done for a permitted purpose. If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, either Party may seek a Court resolution of whether the printed Source Code in question is narrowly tailored and is for a permitted purpose. The printed pages shall constitute part of the Source Code produced by the Producing Party in this action.

(vi)     All persons who will review a Producing Party's Source Code on behalf of a Receiving Party, including members of a Receiving Party's outside law firm, shall be identified in writing to the Producing Party at least five (5) days in advance of the first time that such person reviews such Source Code. Such identification shall be in addition to any other disclosure required under this Order. All persons viewing Source Code shall sign on each day they view Source Code a log, to be maintained by the Producing Party, that will include the names of persons who enter the locked room to view the Source Code and when they enter and depart. The Parties agree that the log may not be used for any litigation-inspired purpose, such as the merits of the case and impeaching experts.

(vii)     Unless otherwise agreed in advance by the Parties in writing, following each day on which inspection is done under this Order, the Receiving Party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the Source Code Review Room. The Producing Party shall not be responsible for any items left in the room following each inspection session, and the Receiving Party shall have no expectation of confidentiality for any items left in the room following each inspection session without a prior agreement to that effect. Proper identification of all authorized persons shall be provided prior to any access to the secure room or the computer containing Source Code. Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States, by the government of the United States, or by the nation state of the authorized person's current citizenship. Access to the secure room or the Source Code Computer may be denied, at the discretion of the Producing Party, to any individual who fails to provide proper identification.

(viii)   Other than as provided above, the Receiving Party will not copy, remove, or otherwise transfer any Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring the Source Code onto any recordable media or recordable device. The Receiving Party will not transmit any Source Code in any way from the Producing Party's facilities or the offices of its outside counsel of record.

(ix)   The Receiving Party's outside counsel of record may make no more than three (3) additional paper copies of any portions of the Source Code received from a Producing Party, not including copies attached to court filings or used at depositions, and shall maintain a log of all paper copies of the Source Code. The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored. Upon one (1) days' advance notice to the Receiving Party by the Producing Party, the Receiving Party shall provide a copy of this log to the Producing Party. The Parties agree that the purpose of this Source Code review log is so that the Producing Party can know the extent to which others have viewed its Source Code, and not for any litigation-inspired purpose, such as impeaching experts.

(x)   The Receiving Party's outside counsel of record and any person receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at all times when it is not in use.  The paper copies shall be stored or viewed only at (i) the offices of outside counsel for the receiving party, (ii) the site where any deposition is taken, (iii) the Court, or (iv) any intermediate secure location to transport the information to a hearing, trial, or deposition.  The Receiving Party shall not create any electronic or other images of the paper

15

copies and shall not convert any of the information contained in the paper copies into any electronic format except as otherwise provided for herein.

(xi)     For depositions, the Receiving Party shall not bring copies of any printed Source Code. Rather, at least five (5) days before the date of the deposition, the Receiving Party shall notify the Producing Party about the specific portions of Source Code it wishes to use at the deposition or may request that the Producing Party bring the Source Code computer itself to the deposition, and the Producing Party shall bring printed copies of those portions to the deposition or the Source Code computer itself for use by the Receiving Party. Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. All paper copies of Source Code brought to the deposition shall remain with the Producing Counsel's outside counsel for secure destruction in a timely manner following the deposition.

(xii)    Except as provided in this sub-paragraph, absent express written permission from the Producing Party, the Receiving Party may not create electronic images, or any other images, or make electronic copies, of the Source Code from any paper copy of Source Code for use in any manner (including by way of example only, the Receiving Party may not scan the Source Code to a PDF or photograph the code). Images or copies of Source Code shall not be included in correspondence between the Parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible. If a Party reasonably believes that it needs to submit a portion of Source Code as part of a filing with the Court, the Parties shall meet and confer as to how to make such a filing while protecting the confidentiality of the Source Code and such Source Code will not be filed absent agreement from

16

the Producing Party that the confidentiality protections will be adequate. If a Producing Party agrees to produce an electronic copy of all or any portion of its Source Code or provide written permission to the Receiving Party that an electronic or any other copy needs to be made for a Court filing, access to the Receiving Party's submission, communication, and/or disclosure of electronic files or other materials containing any portion of Source Code (paper or electronic) shall at all times be limited solely to individuals who are expressly authorized to view Source Code under the provisions of this Order. Where the Producing Party has provided the express written permission required under this provision for a Receiving Party to create electronic copies of Source Code, the Receiving Party shall maintain a log of all such electronic copies of any portion of Source Code in its possession or in the possession of its retained consultants, including the names of the reviewers and/or recipients of any such electronic copies, and the locations and manner in which the electronic copies are stored. Additionally, any such electronic copies must be labeled "Confidential Source Code — Outside Attorneys' Eyes Only" as provided for in this Order.

7.     <u>Clearance Procedure for Consultants and Experts</u>.  Designated Material may be provided to an independent consultant or expert, as described in Paragraphs 4(b) and 5(b) only after ten (10) days following written notice to the Designating Party of the proposed disclosure to the consultant or expert. The written notice shall also include a fully executed copy of the Acknowledgement attached hereto as Exhibit A, completed by the consultant or expert. With respect to the independent consultant or expert described in Paragraphs 4(b) and 5(b), a Receiving Party shall also provide a current resume or curriculum vitae including (i) any previous or current relationship (personal or professional) with any of the Parties, (ii) a listing of all papers or articles written in the previous ten (10) years, and (iii) a list of persons or entities by

which or on behalf of which the consultant or expert has been retained as a consultant or expert in the preceding four (4) years. If the Designating Party objects, in writing, to disclosure of Designated Material to the consultant or expert within the ten (10) day period, no disclosure of Designated Material may be made to such person pending resolution of the objection. If the Parties cannot resolve the issue informally, the Party objecting to the proposed disclosure may, within ten (10) business days of providing written objection to the Party desiring to disclose Designated Materials to its expert or consultant, seek an appropriate protective order from the Court disqualifying the consultant or expert or protecting against the proposed disclosure to the consultant or expert. The objecting Party shall have the burden of proving the need for a protective order. Provided that the objecting Party has filed a timely motion for a protective order, until the Court rules on the matter, no disclosure of Designated Material to the consultant or expert shall be made.  If the objecting Party does not file a motion for a protective order within such ten (10) day period after providing written objection to the Party desiring to disclose Designated Materials to its expert or consultant (or such other period as agreed to by the Parties in writing), the objection to the expert or consultant is waived.

8.     <u>Expert Discovery</u>.  Drafts of expert reports, other writings generated by testifying experts with respect to their work in this case, and communications between Outside Counsel and experts relating to their work in this case are exempt from discovery in this or any other litigation, unless discoverable under Fed. R. Civ. P. 26(a)(4)(C).

9.     <u>Third-Party Confidential Information</u>.  The Parties recognize that discovery of a Third-Party may involve receipt of that Third-Party's confidential information. Accordingly, a Third-Party may designate confidential information produced by it "Confidential," "Confidential — Outside Attorneys' Eyes Only" or "Confidential Source Code — Outside Attorneys' Eyes

Only" pursuant to the terms of this Protective Order and is subject to all applicable provisions of this Protective Order with respect to any material so designated (such Designated Material is hereinafter referred to specifically as "Third-Party Confidential Information"). In order to ensure adequate protection of Third-Party Confidential Information disclosed during depositions where counsel for the Third-Party in question is not present, such as the deposition of an expert witness retained by a Party, the Party that issued the subpoena to the Third-Party or otherwise requested Third-Party Confidential Information from the Third-Party may provisionally designate any portion of the deposition transcript discussing Third-Party Confidential Information "Confidential," "Confidential — Outside Attorneys' Eyes Only" or "Confidential Source Code — Outside Attorneys' Eyes Only" in accordance with the procedures of Paragraph 1(d) and will promptly notify the Third-Party in writing of the provisional designation, such that the Third-Party can confirm the appropriateness of the designation and take such other measures it deems necessary to protect the confidentiality of its information.

10.     <u>Filing of Designated Material with the Court</u>.  If a Party wishes to use any Designated Material in any affidavits, briefs, memorandum of law, or other papers filed in this court in this litigation, such papers or transcript may be filed under seal only upon separate, specific motion and later order of the court. The Party seeking to file the Protected Material under seal in this court must follow the procedures set forth in D. Kan. Rule 5.4.6.

11.     <u>Errors in Designation</u>.  A Producing Party that inadvertently fails to designate an item pursuant to this Protective Order at the time of the production shall make a correction promptly after becoming aware of such error. Such correction and notice thereof shall be made in writing accompanied by substitute copies of each item, appropriately designated. Those individuals who reviewed the documents or information prior to notice of the failure to designate

by the Producing Party shall, to the extent reasonably feasible, return to the Producing Party or destroy all copies of such undesignated documents and shall honor the provisions of this Protective Order with respect to the use and disclosure of any confidential information contained in the undesignated documents, from and after the date of designation.

      12.    <u>Improper Disclosure</u>.  If information designated pursuant to this Protective Order is disclosed to any person other than in the manner authorized by this Protective Order, the Party responsible for this disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the Designating Party, without prejudice to other rights and remedies of the Designating Party, and shall make every effort to prevent further improper disclosure.

      13.    <u>Objections to Designations</u>.  If at any time during the pendency of this litigation any Party claims that information is not appropriately designated (the "Objecting Party"), the Objecting Party may serve notice of objection on the Designating Party. Within ten (10) calendar days of receiving such notice, the Designating Party shall respond in writing. If the Designating Party and the Objecting Party cannot resolve the dispute, the Objecting Party may move for an order from the Court for re-designation of the disputed material. If the Objecting Party moves for an order from the Court for re-designation, the Designating Party shall bear the burden to establish that the original designation complies with the guidelines and limitations described in this Order. Until or unless the Parties formally agree in writing to the re-designation of such material, or until such time as the material is re-designated by order of the Court, all Designated Materials will continue to receive confidential treatment pursuant to the terms of this Protective Order in accordance with the designation originally chosen by the Designating Party.

14.     <u>Use of Designated Material at Trial or Other Court Proceedings</u>.  This Protective Order, insofar as it restricts the dissemination and use of Designated Material, shall not apply to the introduction of evidence at trial or the display or discussion of Designated Material during hearings held by the Court, including but not limited to claim construction and summary judgment hearings. However, any non-disclosing Party intending to use Designated Material at trial or during hearings must provide notice of its intent to the Designating Party 24 hours in advance and any Party or Third-Party may seek appropriate court orders, including without limitation, an order which restricts the use of any material covered by this Protective Order during the trial or other Court proceeding, that requests that portions of the transcript be sealed, or restricts access of the public to certain portions of the trial or other Court proceeding.

15.     <u>Inadmissibility of Designation</u>.  Unless the Parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose, nor shall the designation or acceptance of any information designated pursuant to this Protective Order constitute an admission or acknowledgement that the material so designated is in fact proprietary, confidential, or a trade secret.

15.     <u>Privilege Logs</u>.  The Parties shall confer in good faith to reach agreement on reasonable deadline(s) for the exchange of privilege logs. The Parties agree that such logs need not be produced simultaneously with the production of documents and contemplate that such logs shall instead be produced at a reasonable time thereafter. With respect to information generated after the filing of the complaint, Parties are not required to include any such information in privilege logs and the absence of any reference to such materials in such logs shall not be deemed to effect a waiver of any applicable claim of privilege or attorney work product.

16.     <u>Inadvertent Production of Privileged Materials</u>.   Counsel shall make reasonable efforts to identify materials protected by the attorney-client privilege or the work product doctrine prior to the disclosure of any such materials. The inadvertent production of any document or thing shall be without prejudice to any claim that such material is protected by the attorney-client privilege or protected from discovery as work product and no Producing Party shall be held to have waived any rights thereunder by inadvertent production. If a Producing Party discovers that materials protected by the attorney-client privilege or work product doctrine have been inadvertently produced, counsel for the Producing Party shall promptly give written notice to counsel for the Receiving Party. The Receiving Party shall take prompt steps to ensure that all known copies of such material are returned to the Producing Party or destroyed, and any notes or summaries, other than those expressly permitted in this section, referring to or relating to any such materials are destroyed, with such destruction certified in writing. Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, address(es), and such other information as is reasonably necessary to identify the inadvertently produced material and generally describe its nature to the Court in any motion to compel production of such material. Such a record of the identity and nature of the material may not be used for any purpose other than preparation of a motion to compel in this Action. After return of the inadvertently produced material the Receiving Party may afterward contest such claims of privilege or work product as if the materials had not been produced, but shall not assert that a waiver occurred as a result of the production.

17.     <u>Notification of Subpoena, Document Request, or Order in Other Litigation</u>.   If a Receiving Party is served with a subpoena, document request, or order issued in other litigation that would compel disclosure of any information or items designated by another Party to this

action as "Confidential," "Confidential — Outside Attorneys' Eyes Only" or "Confidential Source Code — Outside Attorneys' Eyes Only," the Receiving Party must so notify the Designating Party in writing as soon as reasonably practicable. Such notification must include a copy of the subpoena, document request, or order. The Designating Party shall bear the burden and expense of seeking to protect the requested material from production in the other litigation.

18.     <u>Final Disposition of Designated Material</u>.   Within sixty (60) days following termination of this litigation by settlement or final judgment, including exhaustion of all appeals, the originals and all copies of Designated Material shall be either destroyed or turned over to the Producing Party, or to its counsel. If Designated Material is destroyed pursuant to this paragraph, counsel shall provide to opposing counsel a certification identifying when and how the destruction was performed. Notwithstanding this paragraph, Outside Counsel of record may retain pleadings, attorney and consultant work product, and depositions (with exhibits) for archival purposes.

19.     <u>Survival</u>. The terms of this Protective Order shall survive termination of this litigation.

Assent to the entry of the foregoing Protective Order is hereby given by the Parties by and through their attorneys.

Date: March 24, 2017     _s/ Aaron Hankel_____

         B. Trent Webb
         bwebb@shb.com
         Aaron Hankel
         ahankel@shb.com
         Ryan Schletzbaum (admitted *pro hac vice*)
         rschletzbaum@shb.com
         Lauren Douville (admitted *pro hac vice*)
         ldouville@shb.com
         SHOOK, HARDY & BACON LLP
         2555 Grand Boulevard
         Kansas City, Missouri 64108-2613
         816-474-6550 Telephone
         816-421-5547 Facsimile

         ATTORNEYS FOR PLAINTIFFS

Date: March 24, 2017     __s/ Erin Sommer Good_____

         MCDONALD TINKER PA
         Erin Sommer Good
         esgood@mcdonaldtinker.com
         300 W. Douglas Avenue, Suite 500
         Wichita, KS 67202
         Telephone: 316-263-5851
         Facsimile: 316-263-4677

         WEIL, GOTSHAL & MANGES LLP
         Brian E. Ferguson (admitted *pro hac vice*)
         brian.ferguson@weil.com
         Anish R. Desai (admitted *pro hac vice*)
         anish.desai@weil.com
         Stephen Bosco (admitted *pro hac vice*)
         stephen.bosco@weil.com
         Matthew Sieger (admitted *pro hac vice*)
         matthew.sieger@weil.com
         1300 Eye Street NW, Suite 900
         Washington DC 2005
         Telephone: (202) 682-7000
         Facsimile: (202) 857-0940

         ATTORNEYS FOR DEFENDANT

SO ORDERED this 27th day of March, 2017.

_s/ James P. O'Hara_____
James P. O'Hara
United States Magistrate Judge

**EXHIBIT A**
**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| Garmin Switzerland GmbH; and Garmin Corporation, | |
| *Plaintiffs*, | Case No. 2:16-cv-2806-JWL-JPO |
| v. | **JURY TRIAL DEMANDED** |
| FLIR Maritime US, Inc., | |
| *Defendant*. | |

<u>**ACKNOWLEDGMENT AND AGREEMENT TO BE**</u>
<u>**BOUND BY THE PROTECTIVE ORDER**</u>

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Kansas in this matter. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Kansas for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

O:\Protective Orders\16-2806-JWL.docx